**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE DANIEL VELASCO-RUIZ, | No.   14-71177 |
| Petitioner, | Agency No. A099-905-390 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Jose Daniel Velasco-Ruiz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that the harm Velasco-Ruiz suffered in Mexico did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (explaining that persecution is "an extreme concept") (quotation and citation omitted); *Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner failed to establish past persecution where he was beaten and robbed on two occasions and accosted by a mob). Substantial evidence also supports the agency's finding that Velasco-Ruiz failed to establish an objectively reasonable fear of future persecution in Mexico. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (petitioner "failed to make a compelling showing of the requisite objective component of a well-founded fear of persecution"). Thus, his asylum claim fails.

In this case, because Velasco-Ruiz failed to establish eligibility for asylum, he failed to demonstrate eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of Velasco-Ruiz's CAT claim because he failed to establish that it is more likely than not he will be tortured by or with the consent or acquiescence of the government of Mexico. *See*

14-71177

*Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture remain speculative).

Finally, we do not consider the materials referenced in Velasco-Ruiz's opening brief that are not part of the administrative record, *see Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (our review is limited to the administrative record), and we lack jurisdiction to consider Velasco-Ruiz's argument as to past mental torture that he did not raise to the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**